# IN THE UNITED STATES COURT OF APPEALSYe
## FOR THE FIFTH CIRCUIT

No. 16-50710
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
January 6, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RAFAEL FLORES-BOTELLO,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:16-CR-16-1

Before KING, DENNIS, and COSTA, Circuit Judges.

PER CURIAM:[*]

Rafael Flores-Botello appeals the 70-month above-guidelines sentence imposed following his guilty plea conviction for illegal reentry. He challenges only the substantive reasonableness of his sentence, arguing that it is greater than necessary to satisfy the sentencing goals of 18 U.S.C. § 3553(a). Flores-Botello contends that the 2015 version of U.S.S.G. § 2L1.2 is flawed because it effectively double counts a defendant's criminal history. He maintains that

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

under the recently amended version of § 2L1.2 his guidelines range would be reduced to 30 to 37 months of imprisonment.  Flores-Botello also argues that his sentence is greater than necessary to provide adequate deterrence in light of his "extraordinary motivation for returning."  He further asserts that his sentence fails to reflect the mitigating circumstances that motivated him to commit the offense.

Generally, we review the substantive reasonableness of a sentence for an abuse of discretion.  *Gall v. United States*, 552 U.S. 38, 51 (2007).  However, if a defendant fails to contest the reasonableness of the sentence in the district court, our review is for plain error only.  *United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007).  Although Flores-Botello objected to his sentence as "overcounting all the criminal history," he failed to raise all the grounds in the district court that he now raises on appeal.  Nevertheless, because Flores-Botello's sentence can be affirmed under the abuse of discretion standard, it is unnecessary for us to decide whether plain error review should be applied.  *See United States v. Rodriguez*, 523 F.3d 519, 525 (5th Cir. 2008).

We have previously rejected Flores-Botello's assertion that a sentence imposed under § 2L1.2 is substantively unreasonable because it effectively double counts a defendant's criminal history.  *See United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir. 2009).  Likewise unavailing is Flores-Botello's contention regarding the application of the amended version of § 2L1.2.  Flores-Botello was sentenced on May 12, 2016, prior to the November 1, 2016, date the amended version of § 2L1.2 became effective.  *See* U.S.S.G. § 1B1.11(a); § 2L1.2; *United States v. Kimler,* 167 F.3d 889, 893 (5th Cir. 1999).  Flores-Botello's remaining arguments involving his motivation for committing the offense are nothing more than a disagreement with the district court's weighing of the § 3553(a) factors, which is insufficient to show an abuse of

discretion. *See United States v. Lopez-Velasquez*, 526 F.3d 804, 807 (5th Cir. 2008).

The judgment of the district court is AFFIRMED.